## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs are borrowers who undisputedly defaulted on their loan, resulting in the initiation of foreclosure proceedings against subject Property.  In the Complaint, Plaintiffs make numerous unsubstantiated allegations of irregularities in the foreclosure proceedings.  Plaintiffs also rely on defunct legal theories and a fundamental misapplication of California law.  At the outset, every one of Plaintiffs' claims fail because Plaintiffs do not, and cannot, allege a valid tender of the amounts due and owing under the loan – a prerequisite to any cause of action seeking to challenge foreclosure proceedings.  It is for these reasons, and those set forth below, that Defendant's Motion to Dismiss should be granted in its entirety with prejudice.

### II. STATEMENT OF FACTS

On or around November 6, 2007, Plaintiffs borrowed $330,000.00 and executed a promissory note secured by a Deed of Trust (the "DOT") in favor of Lydian Mortgage encumbering the real property located at 8248 Rockview Drive, El Cajon, California 92021 (the "Property").  (RJN, Exh. "1").  On or around April 5, 2011, after Plaintiffs accrued $5,118.12 in Loan payment arrearages, a Notice of Default ("NOD") was recorded initiating foreclosure proceedings against the Property.  (RJN, Exh. "2").  On or around April 25, 2011, an Assignment of Deed of Trust was recorded (the "Assignment") assigning the beneficial interest under the DOT to VirtualBank, a Division of Lydian Private Bank.  (RJN, Exh. "3").  On or around March 13, 2013, the defendants recorded a Substitution of Trustee, substituting Aztec Foreclosure Corporation as trustee under the DOT.  (RJN, Exh. "4").

With the loan still delinquent, Aztec recorded a Notice of Trustee's Sale ("NOS") on March 13, 2013, initially setting the foreclosure sale date for April 3, 2013.  (RJN, Exh. "5").  The sale has since been postponed.

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

# III.   DISCUSSION

## A.   The Standard To Be Applied To A Motion To Dismiss.

A complaint may be dismissed as a matter of law under *FRCP,* Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984); see generally *Balistreri v. Pacifica Police Department,* 901 F.2d 696, 699 (9th Cir. 1990). "[F]actual allegations must be enough to raise a right to relief above the speculative level" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). Although *FRCP,* Rule 8(a) "does not require 'detailed factual allegations,'... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009), quoting *Twombly,* supra, 127 S.Ct. at 555.

In fact, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, quoting *Twombly,* supra, 127 S.Ct. at 570. A showing of plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.,* citing *Twombly,* supra, 127 S.Ct. at 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* citing *Twombly,* supra, 127 S.Ct. at 557. As such, conclusory allegations are disregarded and the court may not "supply essential allegations of the claim that were not initially pled." *McCarthy v. Mayo,* 827 F.2d 1310, 1316 (9th Cir. 1987); *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982). Finally, the court does not have to accept alleged facts as true, when they contradict matters subject to judicial notice. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956). ///

**B.    Plaintiffs Failed To Tender.**

An action to set aside a trustee's sale for irregularities in sale notice or procedure must be accompanied by an offer to tender the full amount of the debt for which the property was security. *Arnold's Mgmt. Corp. v. Eischen*, (1984) 158 Cal. App. 3d 575, 578-579; *United States Cold Storage v. Great Western Sav. & Loan Ass'n.*, (1985) 165 Cal. App. 3d 1214, 1222. "This rule...is based upon the equitable maxim that a court of equity will not order a useless act performed...if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. *F.P.B.I. Rehab 01 v. E&G Inv., Ltd.*, (1989) 207 Cal. App. 3d 1018, 1021. Courts have expanded the application of the tender rule beyond equitable causes of action to include any claim that is "implicitly integrated" with the allegations of an irregular sale. *Arnolds*, *supra*, 158 Cal.App.3d at 579. The tender must have been made in *good faith*; the party making the tender must have had the *ability to perform*; and the tender must have been *unconditional*. *Civil Code* §§1486 (full performance), 1493 (good faith), 1494 (unconditional) and 1495 (offeror must have ability to perform).

Plaintiffs' lawsuit presents a direct challenge to the completed foreclosure sale. Specifically, Plaintiffs assert that Defendant have failed to comply with Civil Code § 2923.6 and the UCL (Bus. & Prof. Code § 17200) thus a foreclosure sale cannot proceed. [Complaint, ¶108-109, 121]. Further, it is alleged that Defendant negligently breached its duty of care by failing to properly service the loan by allowing dual tracking failing to advise of foreclosure prevention option and failing to comply with §2923.6.   [Complaint, ¶142-143].   Thus, Plaintiffs are required to allege that they tendered the outstanding Loan balance.  Plaintiffs' Complaint makes no such allegation.  Rather, Plaintiffs merely allege they are "ready, willing, and able to enter into a foreclosure prevention program and make such payments at the times required of them by law." [Complaint, ¶99].  This is not an unconditional

-3-

1  tender. The Court of Appeal has explained that "[t]he tenderer must do and offer
2  everything that is necessary on his part to complete the transaction, and must fairly
3  make known his purpose without ambiguity, and <u>the act of tender must be such</u>
4  <u>that it needs only acceptance by the one to whom it is made to complete the</u>
5  <u>transaction.</u>" *Gaffney v. Downey Savings & Loan Assn.* (1988) 200 Cal.App.3d
6  1154, 1165. In other words, with respect to tender, "it is a debtor's responsibility
7  to make an unambiguous tender of the entire amount due or else suffer the
8  consequence that the tender is of no effect." *Id.* at 1165. As a result, the
9  Complaint, and each and every claim therein is barred.

10 **C.    Plaintiffs' First Claim For Violation of Civil Code Section 2923.6 Fails**
11        **As A Matter Of Law.**

12        In July, 2012, California enacted AB 278 and SB 900, two of the bills which
13  comprise the "Home Owners' Bill of Rights" ("HOBR"), as part of the State's
14  response to perceived problems with the foreclosure process and to the need to
15  ameliorate the economic effects of the resulting housing and mortgage crisis.
16  HOBR became effective as of January 1, 2013; however, nothing in either AB 278
17  or SB 900 even purports to assert that the bills were intended to have any
18  retroactive effect. See *Civ. Code* §3 ("no part of [the *Civil Code*] is retroactive,
19  unless, expressly so declared."); *Douglas Aircraft Co. v. Cranston,* (1962) 58 Cal.
20  2d 462 ("a statute should be given the least retroactive effect that its language
21  reasonably permits"). California law is clear that statutes operate prospectively
22  absent a clear indication that the Legislature intended retroactive application.
23  *Western Security Bank v. Superior Court,* (1997) 15 Cal.4th 232, 243; *Evangelatos*
24  *v. Superior Court*, (1988) 44 Cal.3d 1188, 1207- 1210. In *Evangelatos*, the
25  California Supreme Court observed that "in the absence of an express retroactivity
26  provision, a statute will not be applied retroactively unless it is very clear from
27  extrinsic sources that the Legislature or the voters must have intended a retroactive
28  application." *Id.* at 1209.

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

Plaintiffs cannot possibly establish a violation of California *Civil Code* §§ 2923.6 because HOBR did not become effective until January 1, 2013, long after the NOD was recorded on April 5, 2011 [Complaint, ¶73 and Exhibit B] and after the borrowers' "completed" loan modification application was submitted and the review process commenced in or around April 2011.  [Complaint, ¶71-73].

Thereafter, in November 2012, Plaintiffs' allege that they applied for a short sale [Complaint, ¶77].  The dual-tracking restrictions in *Civil Code* §2923.6 only apply to a "complete loan modification application" and do not apply to other Foreclosure Prevention Alternatives (FPA), such as a short sale.  Since §2923.6 specifically does not apply to non-loan modification FPAs such as short sale, then Bayview's conduct cannot have violated 2923.6.  Accordingly, the Plaintiffs' 2923.6 claim must be dismissed.

**D.    Plaintiffs' Second Claim for Violation of the *Bus. & Prof. Code* §17200 Fails Because Is Not Plead With Particularity.**

In order to allege a violation of the *Cal. Bus. & Prof. Code* §17200, a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation.  *Silicon Knights, Inc. v. Crystal Dynamics, Inc,* 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting *Khoury v. Maly's of California,* 14 Cal. App. 4th 612, 619, (1993).  The UCL "establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 973 P.2d 527, 540 (Cal. 1999).  A business practice or act is unlawful *only if* it violates some other law. *Farmers Ins. Exch.* v. *Superior Court,* 2 Cal.4th 377,383 (1992); *Khoury* v. *Maly's of Cal.,* 14 Cal.App.4th 612 (1993).  A plaintiff must allege an unlawful act separate and apart from the alleged violation of the statute itself, with supporting facts showing the illegality. *People* v. *McKale,* 25 Cal.3d 626, 635 (1979).  The term "fraudulent" as used in section 17200 does not refer to the common law tort of fraud but only requires a showing that members of the public

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

are likely to be deceived. *Puentes v. Wells Fargo Home Mortg., Inc.*, (2008) 160 Cal.App.4th 638 (quotations omitted). "Unless the challenged conduct 'targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer.'" *Puentes*, supra at 645. An 'unfair' business practice occurs when it offends an established public policy or when it harms competition. *Cel-Tech Communications, supra,* 186-187. Additionally, under California law, damages or harm is an element of all three types of business practices prohibited by statute. *Id.* at 979-980. Thus, a plaintiff must have suffered an injury in fact and lost money or property as a result of such unfair competition. *Ruiz v. Gap, Inc.* (2008) 540 F.Supp.2d 1121, 1127.

**Unlawful Prong:**

The "unlawful" prong of the UCL requires a plaintiff to demonstrate that the defendant's conduct violated some other law. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). In effect, Section 17200 "borrows" violations of federal, state, or local law and makes them independently actionable. *Id.* To state a claim for relief under this theory, a plaintiff must "state, with reasonable particularity, the facts supporting the statutory elements of the violation." *Jensen v. Quality Loan Serv. Corp* 702 F. Supp. 2d 1183, 1189 (E.D. Cal. 2010).

a.    **No violation of Civil Code Section 2923.6**

As discussed above in detail, Plaintiffs cannot establish a violation of California *Civil Code* §§ 2923.6 because HOBR did not become effective until January 1, 2013 long after the NOD was recorded on April 5, 2011 and after the borrowers' "completed" loan modification application was submitted and the review process commenced in or around April 2011. [Complaint, ¶71-73 and Exhibit B]. Thereafter, in November 2012, Plaintiffs pursued a short sale [Complaint, ¶77] and do not allege that they reapplied for a loan modification. [Complaint, generally]. The dual-tracking restrictions in *Civil Code* §2923.6 only

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

apply to a "complete loan modification application" and do not apply to other Foreclosure Prevention Alternatives (FPA), such as a short sale.  Since §2923.6 specifically does not apply to non-loan modification FPAs such as short sale, then Bayview's conduct cannot have violated 2923.6

> **b.** **There is no violation of 18 U.S.C. §§1341, 1342, and/or 1962 because these are criminal statutes which do not convey a private right of action; and any allegation for a violation of RICO fails because the elements are not property pled.**

Plaintiffs allege that Defendant is guilty of crimes under of 18 U.S.C. §§ 1341, 1342, and 1962. [Complaint ¶128]. Clearly, such criminal allegations have no applicability to civil action between two private entities. Courts have held that "private citizens are not permitted to enforce criminal statutes or prosecute crime." *Keyter v. 230 Gov't Officers*, 372 F. Supp. 2d 604, 610 (W.D. Wash. 2005). Additionally, Plaintiffs did not state a valid claim because criminal statutes "do not convey a private right of action." *Rockefeller v. U.S. Court of Appeals Office, for the Tenth Circuit*, 248 F. Supp. 2d 17, 22 (D.D.C. 2003).

Although not alleged, it appears that Plaintiffs may be attempting to assert a RICO claim. "Racketeering activity" under RICO consists of certain specific acts which are expressly enumerated in 18 U.S.C. § 1961 et seq. The activity underlying the subject RICO claim is mail fraud and wire fraud. "In pleading a violation of the mail fraud statute (18 U.S.C. § 1341) [or the wire fraud statute (18 U.S.C. § §1342, 1343) ] as a predicate act under a RICO scheme, a plaintiff must allege that (1) defendants devised a scheme or artifice to defraud (conduct of an enterprise through a pattern of racketeering activity); (2) defendants used the mails [or wires] in furtherance of the scheme; and (3) defendants did so with the specific intent to deceive or defraud. [Citation.]" *McMartin v. Children's Institute International* (1989) 212 Cal.App.3d 1393, 1407; accord, *Schreiber Distributing v.*

-7-

1     *Serv–Well Furniture Co.* (9th Cir.1986) 806 F.2d 1393, 1399–1400 [mail and wire

2     fraud]; see also, *U.S. v. Gordon* (5th Cir.1986) 780 F.2d 1165, 1171 [wire fraud].)

3             Here, no pattern of racketeering is alleged. 18 U.S.C. § 1962, *Ticor Title Ins.*

4     *Co. v. Florida,* (9th Cir. 1991) 937 F.2d 447, 450. Plaintiffs have also failed to

5     satisfy the requirement of conduct of an "enterprise." *Chang v. Chen,* 80 F.3d

6     1293 (9th Cir. 1996); *Allington v. Carpenter,* 619 F.Supp. 474, (C.D. CA 1985).

7     Further, a RICO enterprise cannot be based upon the provision of routine credit

8     services (e.g. computer processing of purchases, collection of debt) pursuant to

9     contract. *Jubelirer v. Mastercard Int'l, Inc.* 68 F.Supp.2d 1049, 1052-53 (W.D. WI

10    1999); accord *In re Mastercard Int'l, Inc.,* (E.D. LA 2001) 132 F.Supp.2d 468, 487

11    *aff'd,* 2002 U.S. App. LEXIS 25129 (5th Cir. La. Nov. 20, 2002).

12             Here, Plaintiffs have simply made the conclusory, unsubstantiated

13    allegations that, Defendant's omissions of material facts constitute 'unlawful'

14    practice because they violate Title 18 United States Code §1342, §1343, and

15    §1962, California Civil Code §1572, §1573, §1709, §1710, and §1711, and the

16    common law." [Complaint ¶128]. Plaintiffs have not sufficiently plead the

17    existence of an enterprise and has not alleged an enterprise based upon anything

18    but routine credit services.

19       **c.**       **There is no violation of Civil Code §§1572-1573, 1709-1711**

20                 **because fraud and deceit are not specifically pled.**

21            Plaintiffs' violations of *Civil Code* §1572 (actual fraud ), §1574

22    (constructive fraud), and §1709-1711 (deceit) are not specifically pled. Fraud

23    actions have been classified as "disfavored," and are subject to strict requirements

24    of particularity in pleading. *Scafidi v. Western Loan and Building Company,* 72

25    Cal. App.2d 550, 558 (1946).  In California, to establish a cause of action for fraud,

26    a plaintiff must allege:

27           (1) the defendant represented to the plaintiff that an important fact was
             true; (2) that representation was false; (3) the defendant knew that the

28           representation was false when the defendant made it, or the defendant

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

1
2
3
4
5
6
7
8
9
10

made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and, (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff. [Citations.] Each element in a cause of action for fraud ... must be factually and specifically alleged. [Citation.] (Citations.) **In a fraud claim against a corporation**, a plaintiff must allege the names of the persons who made the misrepresentations, their authority to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or written. *Perlas v. GMAC Mortg., LLC* (2010) 187 Cal.App.4th 429, 434 (internal citations omitted.); see also *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996); *Tarmann v. State Farm Mutual Auto Insurance Company (1991)* Cal.App.4th 153, 157.

11
12
13
14
15
16
17
18
19
20
21
22
23

Fraud requires specific allegations of facts that "show how, when, where, to whom, and by what means the representations were tendered." *Lazar v. Super. Ct.*, (1996) 12 Cal. 4th 631, 645; *Robinson Helicopter Co., Inc. v. Dana Corp.*, (2004) 34 Cal. 4th 979, 993. Under the Federal Rules of Civil Procedure 9(b), the "circumstances constituting fraud" or any other claim that "sounds in fraud" must be stated "with particularity." Fed. R.Civ. P. 9(b); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). The Ninth Circuit has explained that this standard requires, at a minimum, that the claimant pleads evidentiary facts, such as time, place, persons, statements, and explanations of why the statements are misleading. See *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc). Here, Plaintiffs fail to allege any detailed accounts to satisfy the particularity requirement under 9(b) because they do not allege the who, what, when, and how of the alleged "deceptive business acts."

24
25
26
27
28

Finally, Plaintiffs also have no standing to bring this suit because they did not demonstrate *actual reliance* on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions. *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009). The Complaint does not indicate that Plaintiffs ever believed in the alleged

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

1  misrepresentations or that they caused Plaintiffs to take any action to their
2  detriment.
3        The Complaint lacks specific factual allegations as to whom at Bayview
4  acted fraudulently, their names or purported authority, the dates and times of
5  communications, or that the alleged misrepresentations caused any harm.
6  Moreover, Plaintiffs have not pled specific facts suggesting that Defendant has
7  committed deceit within the meaning of Civil Code §§ 1709-1711. Thus, Plaintiffs
8  have not sufficiently particularized their allegations of fraud as required by Rule
9  9(b).

10 **Unfair Prong:**

11       The California Supreme Court has yet to establish a definitive test that may
12 be used in consumer cases to determine whether a particular business act or
13 practice is "unfair" for the purposes of the UCL. *Drum v. San Fernando Valley Bar*
14 *Ass'n*, 182 Cal. App. 4th 247, 253-54 (2010) (citing *Cel-Tech Commc'ns, Inc. v.*
15 *Los Angeles Cellular Tel. C*o., 20 Cal. 4th 163, 187 n.12 (1999)). As a result, three
16 tests have developed among state and federal courts. See *Vogan v. Wells Fargo*
17 *Bank, N.A.*, No. 11-02098, 2011 WL 5826016, at *6 (E.D. Cal. Nov. 17, 2011);
18 *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th 581, 593-97 (2009) (detailing
19 the split in authority in handling consumer UCL cases).

20       One test, which has garnered the most attention from the Ninth Circuit,
21 limits unfair conduct to that which "offends an established public policy" and is
22 "tethered to specific constitutional, statutory, or regulatory provisions." *Davis*, 179
23 Cal. App. 4th at 595; *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 736 (9th Cir.
24 2007) (holding that unfairness must be tied to a "legislatively declared" policy).
25 The second test contemplates whether the alleged business practice is "immoral,
26 unethical, oppressive, unscrupulous or substantially injurious to consumers," and
27 requires the court to "weigh the utility of the defendant's conduct against the
28 gravity of the harm to the alleged victim." *Davis*, 179 Cal. App. 4th at 594-95;

-10-

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

1  *Progressive West Ins. Co. v. Yolo County Sup. Ct.*, 135 Cal. App. 4th 263, 285-87
2  (2005). The third test, which borrows the definition of "unfair" from the Federal
3  Trade Commission Act, requires that "(1) the consumer injury must be substantial;
4  (2) the injury must not be outweighed by any countervailing benefits to consumers
5  or competition; and (3) it must be an injury that consumers themselves could not
6  reasonably have avoided." *Davis*, 179 Cal. App. 4th at 597. Plaintiffs' Complaint
7  does not, in any meaningful way, address the considerations presented by these
8  tests. They fail to properly link their claim to a "legislatively declared" policy as
9  required under the first test. As discussed above, Civil Code Section 2923.6 does
10 not apply under the facts in this matter. Under the second and third tests, the
11 Complaint fails because Plaintiffs do not allege that Defendant's conduct caused
12 any injury, to the Plaintiffs or others. The foreclosure sale has not occurred and
13 Plaintiffs have not been divested from title or possession. Further, the foreclosure
14 proceeding were commenced due to Plaintiffs' default not Bayview's alleged
15 failure to review them for a loan modification.  Even under the second test, which a
16 California Court of Appeal admits is "fact intensive and not conducive to
17 resolution at the demurrer stage," Plaintiffs' claim under this theory cannot
18 proceed without allegations of its fundamental requirements. *Progressive West*,
19 135 Cal. App. 4th at 287.Thus, to the extent that Plaintiffs attempts to state a claim
20 under the "unfair" prong of the UCL, this cause of action fails.
21 **Fraudulent Prong:**
22      Fraudulent Conduct "does not refer to the common law tort of fraud but only
23 requires a showing members of the public are likely to be deceived. *Sybersound*
24 *Records, Inc. v. UAV Corp*, 517 F.3d 1137, 1151-52 (9th Cir. 2008); *Olsen v.*
25 *Breeze, Inc.*, (1996) 48 Cal.App.4th 608, 617-618. Plaintiffs merely state that
26 "Defendants' concealment of material facts, as set herein, was misleading and
27 likely to deceive the public within the meaning of this section. This concealment
28 was . . . done to induce Plaintiffs to pay the marked-up and/or unnecessary fees for

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

1  default-related services." [Complaint ¶122-124]. There is no allegation that the
2  conduct actually deceived the public. There are no factual allegations that any
3  statements relative to Plaintiffs' loan or foreclosure proceedings were disseminated
4  to the public, or that any statements were disseminated to the public upon which
5  reasonable consumers are likely to be deceived. Further, Plaintiffs fail to allege
6  how and where Defendants' marked-up fees and made unnecessary charges. They
7  merely allege "Defendants concealed the fact that the category identified as
8  'Miscellaneous Fees' or 'Other Charges' reflects marked-up and/or unnecessary
9  fees that were never incurred by Defendants." [Complaint ¶123]. There is no
10  indication as to when or under what circumstances these alleged fees were charge.
11  **Standing**:
12      Plaintiffs must now demonstrate that they "suffered injury in fact and [have]
13  lost money or property as a result of the unfair competition." Cal. *Bus. & Prof.*
14  *Code* § 17204; *Degelman v. Advanced Med. Optics, Inc.*, 659 F.3d 835, 839 (9th
15  Cir.2011). An absence of facts describing the money or property allegedly lost is
16  fatal to a plaintiff's UCL claim. *Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d
17  1126, 1137 (E.D.Cal. 2010).
18      In *Jensen v. Quality Loan Serv. Corp.*, a federal district court dismissed the
19  plaintiff borrower's UCL claim with leave to amend because allegations that he
20  "incurred out of pocket monetary damages . . . and continues to incur monetary
21  damages" were too conclusory as to the lost money element. 702 F. Supp. 2d 1183,
22  1189 (E.D. Cal. 2010). As to lost property, the court held that because the prospect
23  of losing property is substantially different from having already lost property,
24  allegations that plaintiff would lose his personal residence if a nonjudicial
25  foreclosure sale occurred were insufficient to plead loss of property. *Id.* Further,
26  even if a foreclosure sale has already occurred, thus establishing loss of property, a
27  plaintiff nevertheless lacks standing if he cannot causally link the defendant's
28  conduct to that loss. See *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-1390, 2011

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

1   WL 311376, at *9 (N.D. Cal. Jan. 28 2011) (holding that false statements

2   regarding postponement of a foreclosure sale had not plausibly caused a plaintiff

3   borrower to lose her home because "in order to cure the default and reinstate the

4   loan, plaintiffs would have been required to pay [an amount that] they have not

5   alleged they could have done").

6       Here, Plaintiffs merely claim the alleged acts will allow Defendant to

7   wrongfully foreclose and evict Plaintiffs from the property. [Complaint ¶130]. As

8   in *Jensen*, the imminent loss of property in a future foreclosure sale cannot help

9   Plaintiffs meet their burden of demonstrating standing. Jensen, 702 F. Supp. 2d at

10  1189. Lack of standing under the UCL alone warrants dismissal in this case.

11      In total, Plaintiffs' entire action suffers from a lack of particular facts.

12  Without any such details, Plaintiffs' allegations of unfair, unlawful, and/or

13  fraudulent conduct are nothing more than self-serving speculation and fail.

14  **E.   Plaintiffs' Third Cause of Action for Negligence Fails to State a Claim**

15      **Upon Which Relief Can Be Granted Because There is No Duty Owed By**

16      **Defendant to Plaintiffs.**

17      It is alleged that Defendant negligently breached its duty of care by failing to

18  properly service the loan by allowing dual tracking failing to advise of foreclosure

19  prevention option and failing to comply with §2923.6.   [Complaint, ¶142-143].

20  To allege a claim for negligence, Plaintiffs must allege that (1) Defendant had a

21  legal duty to conform to a standard of conduct to protect Plaintiffs, (2) Defendant

22  failed to meet this standard of conduct, (3) Defendant's failure was the proximate

23  or legal cause of the resulting injury, and that (4) Plaintiffs were damaged. *Ladd v.*

24  *County of San Mateo*, (1996) 12 Cal. 4th 913, 917.  Plaintiffs' claim fails as a

25  matter of law because Plaintiffs cannot allege the existence of the first element of

26  the claim, namely, a legal duty that was owed by Bayview to Plaintiffs, as the

27  servicer for the lender.

28

-13-

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

1    "As a general rule, a financial institution owes no duty of care to a borrower

2    when the institution's involvement in the loan transaction does not exceed the

3    scope of its conventional role as a mere lender of money." *Das v. Bank of America,*

4    *N.A.*, (2010) 186 Cal. App. 4th 727, 740 (*citing, Nymark v. Heart Fed. Savings &*

5    *Loan Ass'n.*, (1991) 231 Cal. App. 3d 1089 1096); *Bascos v. Federal Home Loan*

6    *Mortg. Corp*, No. 2011 WL 3157063 (C.D. Cal. July 22, 2011); *Castaneda v.*

7    *Saxon Mortgage Services, Inc.*, 687 F.Supp.2d 1191, 1198 (E.D. Cal. 2009).  In

8    addition, **loan servicers do not owe a duty to the borrowers of the loans they**

9    **service.** *Osei v. GMAC Mortg.*, 2010 WL 2557485, at *4 (E.D. Cal. June 21,

10   2010). The relationship between a lending institution and its borrower-client is not

11   fiduciary in nature. *Price v. Wells Fargo Bank*, (1989) 213 Cal. App. 3d 465, 476-

12   478; *Copesky v. Superior Court*, 229 Cal. App. 3d 678, 694 (1991).  "[T]he test for

13   determining whether a financial institution owes a duty of care to a borrower-client

14   involves the balancing of various factors, among which are [1] the extent to which

15   the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to

16   him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness

17   of the connection between the defendant's conduct and the injury suffered, [5] the

18   moral blame attached to the defendant's conduct, and [6] the policy of preventing

19   future harm." *Nymark*, supra, at 1098; Graham v. U.S. Bank, N.A., 2013 WL

20   2285184 *7 (N.D. Cal., 2013).

21        Similar to the *Graham* matter, Plaintiffs do not allege any facts that suggest

22   that Defendant improperly maintained loan records and failed to properly service

23   Plaintiffs loan [Complaint ¶136] to intentionally cause Plaintiffs harm.  Second and

24   third, Plaintiffs fail to plead foreseeable harm because they have not alleged that

25   they reapplied for a loan modification and did not allege any facts that would show

26   that it was foreseeable that they would need to modify their loan or that it would be

27   approved.  Fourth, the connection between Defendant's alleged conduct and the

28   harm is remote, again because Plaintiffs did not plead facts showing that they

-14-

1   reapplied for a loan modification or that an application to modify the loan would
2   be approved.  Fifth, Plaintiffs have not plead facts that would suggest that
3   Defendant intentionally failed to provide reasons for the short sale denial and
4   failed to provide other foreclosure options ( Defendant did in fact provide options
5   in the denial letter. See Complaint Exhibit E page 2) for their own benefit. In other
6   words, that Defendant engaged in willful, self-serving conduct. And sixth, the
7   policy of preventing harm cuts both ways. On the one hand, "[i]mposing
8   negligence liability may give lenders an incentive to handle loan modification
9   applications in a timely and responsible manner. On the other hand, absent a duty
10  in the first place to modify a loan or even to evaluate such an application under
11  objective standards limiting the lender's discretion, imposing negligence liability
12  for the mishandling of loan modification applications could be a disincentive to
13  lenders from ever offering modification." *Ottolini v. Bank of Am.,* 2011 WL
14  3652501,*7 (N.D.Cal. Aug.19, 2011); *Graham, supra,* at *7. In sum, the factors
15  weigh against finding that Defendant owed a duty of care to Plaintiffs similar to
16  the court's findings in *Graham.*

17  **F.     Plaintiffs' Fourth Claim For Accounting Fails Because the Requisite**
18  **Elements are Not Alleged.**

19        "A cause of action for an accounting requires a showing that a relationship
20  exists between the plaintiff and defendant that requires an accounting, and that
21  some balance is due the plaintiff that can only be ascertained by an accounting."
22  *Teselle v. McLoughlin,* (2009) 173 Cal.App.4th 156, 179. An action for accounting
23  is not available if the amount of debt can be made certain by calculation. Id.  In
24  addition, a request for a legal accounting must be tethered to relevant actionable
25  claims.  *Hafiz v. Greenpoint Mortg. Funding, Inc.,* (N.D.Cal., 2009) 652 F.Supp.2d
26  1039, 1044.

27        First, as discussed above, Bayview does not owe Plaintiffs a fiduciary duty.
28  See, *Perlas v. GMAC Mortg., LLC,* (2010) 187 Cal.App.4th 429, 436; *Das v. Bank*

-15-

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

*of America, N.A.*, (2010) 186 Cal.App.4th 727, 740-741. Second, an accounting is available from a non-fiduciary where there is a balance ***due from the defendant to the plaintiff***. *St. James Church of Christ Holiness v. Superior Court* (1955) 135 Cal.App.2d 352, 359. This claim seeks an accounting because "[t]he actual amount of the arrearages on Plaintiffs' loan and the actual amount of money due from Plaintiffs to Defendants, and vice versa, is unknown to Plaintiffs and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions." [Complaint, ¶159]. There are no factual allegations that a balance is actually owed to Plaintiffs or the accounts are so complicated that the amount at issue cannot be reasonably ascertained.

Plaintiffs did not and cannot allege any facts showing that a balance is due from Defendant to Plaintiffs. It is not disputed that Plaintiffs borrowed money. (RJN, Ex. 1; Complaint, ¶38, 65.) Plaintiffs are the debtor party, having borrowed $330,000.00, and refusing to pay it back. (RJN, Exh. 1).

Moreover, *Civil Code* §2943 provides that any borrower's request for an accounting must be in writing and that there is no obligation to produce an accounting after a Notice of Trustee's Sale has been recorded, which is the case in the instant action. (RJN, Exh. "5"). Accordingly, Plaintiffs' allegations are insufficient to allege this claim and this Motion should be granted without leave to amend.

## IV.   COURT MAY STRIKE ALLEGATIONS THAT ARE IMMATERIAL OR IMPERTINENT

Rule 12(f) permits a court to "order stricken from any pleading . . . any . . . immaterial, impertinent, or scandalous matter." *FRCP* Rule 12(f). A motion to strike is properly granted "for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case. *Fantasy, Inc. v. Fogerty*, (9th Cir. 1993) 984 F.2d 1524, 1528, rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, (1994) 510 U.S. 517; See *State of California*

-16-

1  *v. State Lands Comm.,* (N.D. Cal. 1981) 512 F.Supp. 36, 38  ("[W]here the motion
2  may have the effect of making the action less complicated, or have the effect of
3  otherwise streamlining the ultimate resolution of the action, the motion to strike
4  will be well taken").  A motion to strike is particularly appropriate where, as here,
5  a plaintiff seeks relief not available as a matter of law. *Rosales v. Citibank,* (N.D.
6  Cal. 2001) 133 F.Supp.2d 1177, 1180.  Thus, requests to strike certain types of
7  relief, such as a, may be granted if "such relief is not recoverable under the
8  applicable law." *Wilkerson v. Butler,* (E.D. Cal. 2005) 229 FRD 166, 172;
9  *Bureerong v. Uvawas,* (C.D. Cal. 1996) 922 F. Supp. 1450, 1479 n.34.

10      Plaintiffs have not pled a right to punitive damages; thus, the requests for
11  punitive damages in ¶96 of the Complaint and Prayer (6) to the Complaint are
12  entirely improper.  A motion to strike should be granted where a requested award
13  is not legally recoverable. *Civil Code* § 3294(a) and *Commodore Home Systems,*
14  *Inc. v. Sup.Ct.,* (1982) 32 Cal.3d 211, 214-215. A punitive damages award requires
15  a finding by clear and convincing evidence of both that a tort was committed and
16  that oppression, fraud or malice was the impetus of that tort. *Civil Code* § 3294.
17  The requirement of actual damages imposed by *Civil Code* § 3294 requires that a
18  tortious act be proven if punitive damages are to be assessed. *Weiss v.*
19  *Blumencranc,* (1976) 61 Cal.App.3d 536, 543.  Plaintiffs are not entitled to
20  punitive damages because they fail to establish by clear and convincing evidence
21  any actions by Defendant which constitute oppression, fraud or malice per *Civil*
22  *Code* § 3294(a).

23      Mere legal conclusions are not sufficient to sustain an award of punitive
24  damages under *Civil Code* § 3294; factual allegations must be made. *Silberg v.*
25  *California Life Insurance Company*, (1974) 11 Cal.3d 452, 462; *Brousseau v.*
26  *Jarrett*, (1977) 73 Cal.App.3d 864, 872; *G.D. Searle & Company v. Superior*
27  *Court*, (1975) 49 Cal.App.3d 22.   In *G.D. Searle & Company*, plaintiff made
28  conclusory and ambiguous allegations.  In holding that plaintiff's claim for punitive

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

1  damages had been inadequately pled, the court reviewed the possible grounds for

2  punitive damages and pointed out that, like fraud, actions for punitive damages

3  must be specifically pled:

4

5         Notwithstanding relaxed pleading criteria, certain tortious injuries
          demand firm allegations.  Vague, conclusory allegations of fraud or
6         falsity may not be rescued by the rule of liberal construction.... When
          the plaintiff alleges intentional wrong, a prayer for exemplary
7         damages may be supported by a pleading that the wrong was
          committed willfully or with a design to injure. . . . Where non-
8         deliberate injury is charged allegations such as defendant's conduct
          was wrongful, willful, wanton, reckless or unlawful do not support a
9         claim for exemplary damages; such allegations do not charge
          malice.... when a defendant must produce evidence in defense of an
10        exemplary damages claim, fairness demands that he receive adequate
11        notice of the kind of conduct charged against him. *G.D. Searle &
          Company, supra* at 29.
12

13

14        Plaintiffs merely draw the legal conclusion that they are entitled to punitive

15 damages. [Complaint ¶96 and Prayer (6)]. They fail to allege what actions were

16 reckless, oppressive, fraudulent and/or malicious. There are insufficient

17 allegations, let alone any clear or convincing evidence, that Defendant committed

18 any oppression, fraud, or malice as to the Plaintiffs. Without factual support,

19 punitive damages are unwarranted and improper.  Indeed, "[t]he concept of

20 punitive damages embodies a rule for individualized punishment of a wrongdoer

21 whose conduct toward the plaintiff is particularly outrageous." *Magallanes v. Sup.

22 Ct.* (1985)167 Cal.App.3d 878, 889, quoting *Collins v. Eli Lilly Co.* (1984) 116

23 Wis.2d 166, 342 N.W.2d at page 54.

24        Additionally, in terms of imposing punitive damages against a business

25 entity for the acts of its employees, "...the advance knowledge and conscious

26 disregard, authorization, ratification or act of oppression, fraud, or malice **must be

27 on the part of an officer, director, or managing agent** of the corporation." *Civil

28 Code* § 3294(b). (Emphasis Added).  Here, there are simply no allegations

-18-

AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT

1  regarding any advance knowledge and conscious disregard, authorization,

2  ratification or act of oppression, fraud, or malice by any **officer, director, or**

3  **managing agent** of any of the named defendant.   There is absolutely no way to

4  appropriately punish Defendant by imposing such excessive damages, especially

5  since Plaintiffs failed to adequately plead any actual outrageous or egregious

6  conduct against Defendant to justify this remedy. Therefore, the Court should

7  strike Plaintiffs' requests for punitive damages in ¶ 96 and Prayer (6) of the

8  Complaint.

9  

**V. CONCLUSION**

10         Based on the foregoing, Defendant respectfully requests that the Honorable

11  Court grant its Motion to Dismiss the Complaint, in its entirety, with prejudice.

12

13                                                        Respectfully submitted,

14  Dated:  June 14, 2013                      WRIGHT, FINLAY & ZAK, LLP

15

16                                        By:    */s/ Nicole S. Dunn*

17                                                T. Robert Finlay, Esq.

18                                                Nicole S. Dunn, Esq.
                                                  Attorneys Defendant, BAYVIEW

19                                                LOAN SERVICING, LLC

20

21

22

23

24

25

26

27

28

-19-

**AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO
STATE A CLAIM AND/OR TO STRIKE PORTIONS OF THE COMPLAINT**