1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Nicole S. Dunn, Esq., SBN 213550
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660
   Telephone: (949) 477-5050; Facsimile: (949) 477-9200
5
6  Attorneys for Defendant, BAYVIEW LOAN SERVICING, LLC
7

8                  UNITED STATES DISTRICT COURT
9                SOUTHERN DISTRICT OF CALIFORNIA
10

11  LEE J. WARE and IRMA WARE,          )  Case No.: 3:13-cv-01310-JLS-NLS
                                        )
12                  Plaintiffs,         )  **DEFENDANT BAYVIEW LOAN**
13                                      )  **SERVICING, LLC**
                                        )  **SUPPLEMENTAL BRIEF**
14      vs.                             )  **RELATIVE TO ITS OPPOSITION**
                                        )  **TO PLAINTIFFS' EX PARTE**
15  BAYVIEW LOAN SERVICING, LLC, a)  **APPLICATION FOR**
16  business entity form unknown, AZTEC )  **TEMPORARY RESTRAINING**
    FORECLOSURE CORPORATION, a          )  **ORDER**
17  business entity form unknown, and   )
18  DOES 1-100, inclusive,              )
                                        )  [*Filed concurrently with the Request*
19                                      )  *for Judicial Notice and Declaration*
                    Defendants.         )  *of Douglas Jennings*]
20                                      )
21                                      )
                                        )  Date:  August 15, 2013
22                                      )  Time: 1:30 p.m.
23                                      )  Crtm: 4A
                                        )
24  _____ )
25

26      **TO THE HONORABLE COURT AND TO ALL PARTIES AND**
27  **THEIR ATTORNEYS OF RECORD, IF ANY:**
28      **PLEASE  TAKE  NOTICE**  that  Defendant  BAYVIEW  LOAN

- 1 -

1    SERVICING, LLC hereby submits its supplemental briefing relative to its

2    opposition to Plaintiffs LEE J. WARE and IRMA WARE's ex parte application

3    for temporary restraining order.

4                                            Respectfully submitted,

5                                            WRIGHT, FINLAY & ZAK, LLP

6

7    Dated: July 25, 2013          By:   /S/ Nicole S. Dunn, Esq.
                                         T. Robert Finlay, Esq.,
8                                        Nicole S. Dunn, Esq.,
                                         Attorneys for Defendant, BAYVIEW
9                                        LOAN SERVICING, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BAYVIEW LOAN SERVICING, LLC SUPPLEMENTAL BRIEF RELATIVE
TO ITS OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER

# I.    Introduction

Plaintiffs, Irma and Lee Ware's ("Wares") ex parte application for temporary restraining order ("TRO") to preclude the pending sale of the subject property should be denied because the Wares cannot show a likelihood of success on the merits. Specifically, they claim that Defendant Bayview Loan Servicing LLC ("Bayview") failed to comply with *Civil Code* §2923.6, violated the UCL (Bus. & Prof. Code § 17200), and negligently serviced the loan by proceeding with a foreclosure sale while a loan modification review, initiated in 2011, was pending. Plaintiffs fail to understand that the provisions of the "Home Owners' Bill of Rights" ("HOBR"), which they sue under did not become effective until January 1, 2013 and are not retroactive. Plaintiffs also mistakenly believe that the dual-tracking restrictions in the recently enacted *Civil Code* §2923.6 apply to other foreclosure prevention alternatives, such as a short sale, which they applied for and were denied.

The Wares also cannot claim that Defendant's alleged unlawful and deceptive servicing practices resulted in the unlawful taking of their property and, as a result, it would be inequitable to require them to tender the amounts owed on the loan as a prerequisite to bringing this action. The Wares admit that they entered into a loan transaction, do not dispute that they are in default, and make no attempt to allege that they offered to tender, or in fact did tender, an amount sufficient to reinstate or pay off her loan. They also fail to claim there are issues relative to the  legitimacy of the underlying debt. As such, Plaintiffs cannot show an exception to the tender rule.

This court has requested further briefing on certain issues relative to the servicing of this loan. Specifically, (1) why didn't the Wares receive a denial or acceptance of their loan modification application which was initially submitted in or around April 2011; and (2) whether there is a pending loan modification

DEFENDANT BAYVIEW LOAN SERVICING, LLC SUPPLEMENTAL BRIEF RELATIVE TO ITS OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

1 │ review and if so, what is the status. These issues will be addressed below in

2 │ addition to certain issues raised by Plaintiffs at the prior ex parte TRO hearing.

3 │ **II.    Status Relative to the Loan Modification Application.**

4 │    a.  <u>Why didn't the Wares receive a denial or acceptance of their loan

5 │        modification application which was initially submitted in or around

6 │        April 2011?</u>

7 │    The Wares originally applied for a loan modification in or around early

8 │ 2011. [Complaint, ¶68-72]. VirtualBank, a Division of Lydian Private Bank

9 │ ("VirtualBank"), the investor on the Ware loan for which BAYVIEW LOAN

10 │ SERVICING, LLC ("Bayview") is the servicer, offered to modify the Wares' loan

11 │ evidence by the "Deed of Trust and Promissory Note Modification Agreement"

12 │ dated March 1, 2011. [Declaration of Douglas Jennings ("Jennings Decl."), ¶4 and

13 │ Exhibit "A" attached thereto and incorporated by reference herein].  The Wares

14 │ declined the loan modification offer. [Jennings Decl. ¶5].

15 │    On July 5, 2011, Lee Ware filed for Ch. 13 Bankruptcy in the U.S.

16 │ Bankruptcy Court Southern District of California Case No. 11-11218-MM13.

17 │ [Jennings Decl. ¶6; Request for Judicial Notice ("RJN") ¶1]. After the automatic

18 │ bankruptcy stay was lifted as to Lee Ware on February 11, 2013 [RJN¶2], Irma

19 │ Ware filed for Bankruptcy on April 12, 2013 in the U.S. Bankruptcy Court

20 │ Southern District of California Case No. 13-03733-LT13 which terminated on

21 │ April 30, 2013. [RJN¶3; Jennings Decl. ¶7].

22 │    On May 14, 2013, Irma Ware once again filed for Ch. 13 Bankruptcy in the

23 │ U.S. Bankruptcy Court Southern District of California Case No. 13-05002-LT13.

24 │ [RJN¶4; Jennings Decl. ¶8]. Irma Ware's Bankruptcy case was subsequently

25 │ dismissed on June 3, 2013. [RJN¶5; Jennings Decl. ¶8].

26 │    VirtualBank does not entertain any loss mitigation options with borrowers

27 │ who are in bankruptcy.  [Jennings Decl. ¶9].  Further, VirtualBank, through its

28 │ servicer Bayview, did not move forward with any additional loan modification

-4-

DEFENDANT BAYVIEW LOAN SERVICING, LLC SUPPLEMENTAL BRIEF RELATIVE
TO ITS OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER

1 review after the stay was lifted in Lee Ware's bankruptcy in February 2013 and

2 after Irma Ware's bankruptcy was dismissed in June 2013 because the Wares'

3 financial documents from 2011 would have been outdated and the Wares

4 previously declined a loan modification in or about March 2011. [Jennings Decl.

5 ¶5, 10].

6     There was no pending loan modification application in review prior the

7 filing of this Complaint [Jennings Decl. ¶5], and the Wares do not allege that they

8 reapplied for a loan modification. [Complaint, generally]. Only November 2012,

9 did the Wares pursue a short sale as a foreclosure option [Complaint, ¶77]. Thus,

10 the Wares cannot possibly establish a violation of *Civil Code* §§ 2923.6 because

11 HOBR did not become effective until January 1, 2013, long after (1) the NOD was

12 recorded on April 5, 2011, (2) after the Wares' "completed" loan modification

13 application was submitted; (3) after the Wares declined to accept the loan

14 modification in or around March 2011; and (4) because the Wares did not

15 document a material change in their financial circumstances which will be

16 addressed below.

17     b.  <u>What is the Status of the pending loan modification review?</u>

18     VirtualBank, through its servicer Bayview, once again reviewed the Wares

19 for a possible loan modification after the Wares submitted a new loan

20 modification application on or about July 8, 2013. [Jennings Decl. ¶12].  On July

21 9, 2013, Bayview forwarded a denial letter of the loan modification application to

22 the Wares. [Jennings Decl. ¶13]. The denial letter stated the loan modification

23 application was denied because it was determined that, after a review of the

24 Wares' financials, the Wares have excessive obligations outside of their monthly

25 mortgage commitment that will not allow VirtualBank /Bayview to modify their

26 loan at this time. [Jennings Decl. ¶14].

27 ///

28 ///

-5-

### III.  Civil Code Section 2923.6 is not applicable to other non-loan modification workout options including short sales.

At the hearing on the ex parte application for the TRO, Plaintiffs raised the issue of whether *Civil Code* Section 2923.6(f) is applicable to other non-loan modification workout options. It is not.

The Complaint alleges that Defendant violated *Civil Code* §2923.6(f) by failing to send a denial letter compliant with *Civil Code* §2923.6(f) to the Wares' request for a <u>short sale</u>. [Complaint ¶102-104, 121b].

*Civil Code* §2923.6(f) provides in relevant part:

> (f) **Following the denial of a first lien loan modification application**, the mortgage servicer shall send a written notice to the borrower identifying the reasons for denial, including the following . . .
> *Civil Code* §2923.6(f)(Emphasis added).

The statute is as plain as day that it applies to a loan modification application. There was no denial of a loan modification application here, rather the Wares declined to accept the loan modification offer made by VirtualBank in 2011. [Jennings Decl. ¶5]. The denial letter dated April 9, 2013, attached as Exhibit "E" to the Complaint is related to a short sale not a loan modification.

Further, the dual-tracking restrictions in *Civil Code* §2923.6(c) only apply to a "complete loan modification application" and do not apply to other Foreclosure Prevention Alternatives (FPA), such as a short sale.  Since §2923.6 specifically does not apply to non-loan modification FPAs, Bayview's conduct did not violate §2923.6.

### IV.  The requirements of Civil Code Section 2923.6(g) were not triggered because the Wares failed to submit documentation of any material change in their financial circumstance.

The Wares allege that Defendant failed to re-evaluate them for FPAs in light of their documented changes in financial circumstance in violation of *Civil Code* §2923.6(g). [Complaint ¶105-108, 121c].

-6-

1    *Civil Code* §2923.6(g) provides in relevant part:

2    > (g) In order to minimize the risk of borrowers submitting
3    > multiple applications **for first lien loan modifications** for
     > the purpose of delay, the mortgage servicer shall not be
4    > obligated to evaluate applications from borrowers who have
     > already been evaluated or afforded a fair opportunity to be
5    > evaluated for a first lien loan modification prior to
6    > January 1, 2013, or who have been evaluated or afforded a
7    > fair opportunity to be evaluated consistent with the requirements
     > of this section, **unless there has been a material change in the**
8    > **borrower's financial circumstances since the date of the borrower's**
9    > **previous application and that change is documented by the**
     > **borrower and submitted to the mortgage servicer.** *Civil Code*
10   > §2923.6(g)(Emphasis added).

11

12          In other words, HOBR does not restart the clock for a loan modification for

13   those borrowers who are already in foreclosure and who have already been

14   considered for possible modification *absent proof of changed circumstances that*

15   *would warrant* reconsideration.

16          The alleged material changes in the Wares' financial circumstances are

17   not appropriately documented. The May 8, 2013 letter from the Wares' counsel

18   merely declaring (not under penalty of perjury) that their financial circumstances

19   have materially changed is insufficient. [Complaint, ¶107 and Exhibit G]. No

20   supporting documentation is attached to this letter or even identified. Thus,

21   Plaintiffs themselves fail to comply with the requirements of *Civil Code* §

22   2923.6(g) barring their claim.

23          Most significantly, nothing in HOBR changes the existing rule that a

24   borrower has no per se right to a modification but rather merely the right to be

25   considered for one if they qualify. As stated in *Civil Code* §2923.4: "The purpose

26   of the act that added this section is to ensure that, as part of the nonjudicial

27   foreclosure process, borrowers are considered for, and have a meaningful

28   opportunity to obtain, available loss mitigation options, if any, offered by or

DEFENDANT BAYVIEW LOAN SERVICING, LLC SUPPLEMENTAL BRIEF RELATIVE
TO ITS OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER

1    through the borrower's mortgage servicer, such as loan modifications or other

2    alternatives to foreclosure. <u>Nothing in the act that added this section, however,</u>

3    <u>shall be interpreted to require a particular result of that process.</u>" [emphasis added]

4          VirtualBank  and Bayview have again reviewed the Wares for a possible

5    loan modification on or about July 8, 2013. [Jennings Decl. ¶12]. They did not

6    qualify. [Jennings Decl. ¶13-14]. Thus, Defendant has done all that is statutorily

7    required and the Wares' *Civil Code* §2923.6 claim must be dismissed.

8

9          **V.**      <u>**All of the causes of action are barred by the failure to tender.**</u>

10          At the Despite the fact that each cause of action fundamentally attacks the

11    foreclosure, Plaintiffs' counsel at the hearing on the ex parte application argued

12    that tender is not necessary.  It is anticipated that Plaintiffs will argue that it would

13    be inequitable to tender and an affirmation of the debt.

14          Plaintiffs' counsel cited to *Onofrio v. Rice,* (1997) 55 Cal.App.4th 413,

15    where the court applied a limited exception to the tender rule. In *Onofrio,* the

16    defendant, acting as a foreclosure and real estate broker, participated in a scheme

17    to unlawfully obtain title to plaintiff's home. *Id.* at 416-18. The court found that

18    defendant's unlawful and deceptive loan practices resulted in the unlawful taking

19    of the plaintiff's property and, as a result, it would be inequitable to require

20    plaintiff to tender the amounts owed on the loan to rescind the foreclosure sale. *Id.*

21    at 419-23. No such circumstances exist here. The Wares do not allege any cause

22    of action for fraud, deceptive practices or concealment. Plaintiffs have provided

23    no rational evidence to suggest that the holding in *Onofrio* absolves them of the

24    tender requirements in this case. Therefore, not only is *Onofrio* factually

25    distinguishable, but equity requires Plaintiffs to tender.

26          It is also anticipated that Plaintiffs will cite to *Humboldt Savings Bank v.*

27    *McCleverty*, (1961) 161 Cal. 286, 291 for the proposition that "an offer to pay

28    debt may not be required where it is inequitable."  Here, unlike in *Humboldt,*

Plaintiffs admittedly owe a debt.  In *Humboldt Savings,* the defendant was not

- 8 -

1 │ required to tender because the debt owed was not hers. *Id.* (the borrower only

2 │ claimed an interest in homestead property "B" and accordingly did not have to

3 │ tender the amount due under a loan of her recently deceased husband, which was

4 │ secured by property "A"). Instead, the debt was incurred by her recently deceased

5 │ husband and the defendant only claimed an interest in her recorded homestead.  In

6 │ this case, Plaintiffs indisputably owe the debt.  This argument is not persuasive.

7 │      The tender rule has been applied to any claim seeking to challenge a

8 │ foreclosure sale for any reason, set it aside, or to bring any claim "*implicitly*

9 │ *integrated*" with a foreclosure sale. *Abdallah v. United Savings Bank* , (1996) 43

10 │ Cal.App.4th 1101, 1109 (emphasis added.); *United States Cold Storage v. Great*

11 │ *Western Savings & Loan Assoc.*, (1985) 165 Cal.App.3d 1214, 1222; *Karlsen v.*

12 │ *American Savings & Loan Assoc., (*1971) 15 Cal.App.3d 112, 117; *Arnolds*

13 │ *Management Corp. v. Eischen,*(1984) 158 Cal.App.3d 575, 578-579. The general

14 │ rule is clear: a party seeking to challenge a foreclosure sale appears in equity and

15 │ is thus required to *do equity* before a court will exercise its equitable powers.

16 │ Miller & Starr, Cal. Real Estate (3rd ed. 2000) § 10:212, p. 685-686; *see also*

17 │ *Arnolds Management, supra,* at 577; *Karlsen, supra*, at 117.  As a consequence of

18 │ this rule:  "A valid and viable tender of payment of the indebtedness owing is

19 │ essential to an action to cancel a voidable sale under a deed of trust." *Karlsen* at

20 │ 117 (citations omitted).

21 │      Here, the Wares admit that they entered into a loan transaction, do not

22 │ dispute that they are in default, and make no attempt to allege that they offered to

23 │ tender, or in fact did tender, an amount sufficient to reinstate or pay off her loan.

24 │ [Complaint, generally]. It is true that the tender rule may be waived if the

25 │ complaint questions the legitimacy of the underlying debt. *See Sacchi v.*

26 │ *Mortgage Electronic Registration Systems, Inc.,* No. CV 11-1658 AHM, 2011 WL

27 │ 2533029, at *16 (C.D. Cal. June 24, 2011). But here, Plaintiffs do not dispute that

28 │ they owe money on their mortgage obligation. [Complaint ¶ 67-68], and admit

DEFENDANT BAYVIEW LOAN SERVICING, LLC SUPPLEMENTAL BRIEF RELATIVE
TO ITS OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER

1   that they engaged in extended discussions with Defendant regarding the

2   possibility of loan modification. [Complaint ¶ 70-91]. Thus, there is no exception

3   here that would warrant waiving the tender rule. The absence of a truthful

4   allegation of ability and willingness to tender the amount owed dooms Plaintiffs'

5   request for relief.

## VI.   Conclusion

7         Defendant respectfully requests that the Court deny the Motion for

8   Temporary Restraining Order with prejudice because a likelihood of success on

9   the merits cannot be shown.  If the Court is inclined to grant the Motion, then

10  Defendant requests that the Court require the Wares to post a bond in the amount

11  of $89,799.00.

12                                        Respectfully submitted,

13                                        WRIGHT, FINLAY & ZAK, LLP

14

15  Dated:  July 25, 2013          By:   /s/ Nicole S. Dunn, Esq.
                                         T. Robert Finlay, Esq.,
16                                       Nicole S. Dunn, Esq.,
                                         Attorneys for Defendant,
17                                       BAYVIEW LOAN SERVICING,
                                         LLC
18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BAYVIEW LOAN SERVICING, LLC SUPPLEMENTAL BRIEF RELATIVE
TO ITS OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER

## PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On July 25, 2013, I served the within **DEFENDANT BAYVIEW LOAN SERVICING, LLC SUPPLEMENTAL BRIEF RELATIVE TO ITS OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** on all interested parties in this action as follows:

[X]   by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Joseph R. Manning, Esq.
The Law Offices of Joseph R. Manning, Jr.
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
*Attorneys for Plaintiffs*

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

PROOF OF SERVICE

[ ]    (BY OVERNIGHT EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]    (Federal) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 25, 2013, at Newport Beach, California.


_____
Jovete Elguira

PROOF OF SERVICE