Joseph R. Manning, Jr. (SBN: 223381)
Babak Hashemi (SBN: 263494)
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION
4667 MacArthur Blvd., Suite 150
Newport Beach, California 92660
Tel: 949.200.8755; Fax: 866.843.8308
ecf@manninglawoffic.com

Attorneys for PLAINTIFFS LEE J. WARE and IRMA WARE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE J. WARE, an individual and IRMA WARE, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC, a business entity form unknown, AZTEC FORECLOSURE CORPORATION, a business entity form unknown, and DOES 1-100, inclusive,<br><br>Defendants. | CASE No: 3:13-cv-01310-JLS-NLS<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THE ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION.**<br><br>Date:   August 15, 2013<br>Time:  1:30 a.m.<br>Ctrm.:  4A |

**TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiffs LEE J. WARE and IRMA WARE (hereinafter collectively referred to as "Plaintiffs"), hereby submit this brief pursuant to this Court's June 28, 2013 Order.

Case No. 13 CV 01310

1
PLAINTIFFS' SUPPLEMENTAL BRIEF

## I. INTRODUCTION

This case was filed on May 9, 2013 following a documented material change in Plaintiffs' financial circumstances being sent to Defendants and defective denial of Plaintiffs' request for a foreclosure alternative. On or about June 13, 2013, Plaintiffs move *ex parte* and obtained a Temporary Restraining Order preventing Defendants from proceeding with premature foreclosure activity relating to the real property commonly known 8248 Rockview Drive, El Cajon, CA 9202. (Hereinafter, "Subject Property").

Plaintiffs have filed specific documents in support of their claims, specifically the April 9, and April 15, 2013 correspondences which gave rise to this litigation; however, Defendant has not addressed those letters. Moreover, Defendant admits to its own wrongdoing by stating that it received Plaintiffs' Loan modification application on July 8, 2013 and denied it the next day. (See Decl. of Douglas Jennings ¶12 and 13).

## II. OBJECTION TO THE DECLARATION OF DOUGLAS JENNINGS

Plaintiffs object to the Declaration of Douglas Jennings because as an Asset Manager for the investor of Plaintiffs' loan he does not have the personal knowledge required to Virtual Bank or Bayview Loan Servicing's business records. Moreover, he is not a qualified custodian of records for BAYVIEW, as such not qualified to testify as to the authenticity of these documents.

Mr. Douglas lacks of Personal Knowledge to testify to the events he sets forth in his declaration and cannot authenticate his claims. He provides no testimony that he has personal knowledge of the document such that she is able to authenticate it as required by the Federal Rules of Evidence. Hearsay. Fed. R. Evid. 801, 802.

### III. **SPECIFIC CONDUCT BY DEFENDANT IN VIOLATION OF THE RELEVANT CIVIL CODE.**

As a threshold matter Plaintiff submits that the relevant provisions of the Homeowners' Bill of Rights apply to all foreclosure alternatives.

On or about March 18, 2013 Plaintiffs submitted a workout packet, entitled "Financial Information Statement and Disclosure Borrower Release and Authorization to Request Loss Mitigation Assistance" which included a typed Hardship letter stating why they are unable to maintain their loan obligation along with supporting documentation, including Tax returns, bank statements, financial statement, paystubs and previously executed short-sale listing agreement.

Thereafter, on May 8, 2013, with a foreclosure sale scheduled to occur on May 14, 2013, Plaintiffs' once again notified Defendants of their material change in financial circumstances.

As stated in Plaintiffs' complaint, after receiving a notice of Defendant's motion to obtain relief from the Bankruptcy Stay and not having yet been notified of the result of their late 2010 loan modification application, they opted to attempt to avoid foreclosure through a short sale. In November 2012, Plaintiffs executed and submitted a short sale application and Residential Listing Agreement.

Defendants first responded to this request on April 3, 2013 through a letter, acknowledging that Defendant Bayview Loan Servicing, LLC, acting as agent on behalf of Virtual Bank, had received Plaintiffs' request and application for a foreclosure alternative. The letter further stated that within five (5) days, Bayview would review Plaintiffs' documentation and would take approximately thirty (30) days to make a decision regarding Plaintiffs' request.

However, on or about April 9, 2013, less than a week later, Plaintiffs received a letter from Defendant Bayview, informing Plaintiffs that the review was complete

and that Plaintiffs were ineligible for Bayview's programs because it serviced Plaintiffs' loan on behalf of an investor or group of investors that had not approved a short sale of the Loan.  No further explanation was given.

The April 9, 2013 letter did not include the specific reasons for the investor disallowance or a description of other foreclosure prevention alternatives for which Plaintiffs may have been eligible and a list of steps Plaintiffs needed to take in order to be considered for those options. These are clear violations of the Homeowner's Bill of Rights, specifically Civil Code §2923.6(f), which by its own language applies to borrowers who were reviewed for a "foreclosure alternative".

On or about July 5, 2013, Plaintiffs through their counsel submitted a complete loan modification/foreclosure alternative packet to Counsel for Defendants.  On July 10, 2013, Plaintiffs and their counsel received correspondence from BAYVIEW stating that "it has been determined that you [Plaintiffs] have excessive obligations outside of the monthly mortgage payments that will not allow [Bayview] to modify the loan at this time."  However, a review of Plaintiffs' financials reveals that they have over $3,500 left over after their monthly expenses are deducted from their income.

Pursuant to *Civil Code* §2924.10(a), when a borrower submits a complete first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written acknowledgement of the receipt of the documentation within five (5) business days of receipt. In its initial acknowledgement of the receipt of the loan modification application, the mortgage servicer shall include the following information:

> A description of the loan modification process, including an estimate of when a decision on the modification will be made after a complete application is submitted, AND the

length of time the borrower will have to consider an offer of a modification or other foreclosure prevention alternative;

Any deadlines, including deadlines to submit missing documentation, that would affect the processing of a first lien loan mod application;

Any expiration dates for submitted docs;

Any deficiency in the borrower's first lien loan mod application.

Plaintiffs submit that Defendant failed to take any of the above measures and summarily denied Plaintiffs' applications for a foreclosure alternative.

Furthermore, upon a borrower's request for a foreclosure prevention alternative, the mortgage servicer must establish a "single point of contact," an individual or team of personnel who are knowledgeable about the borrower's situation, and provide the borrower with one or more direct means of communication with their single point of contact. *Civil Code* §2923.7.  At the time of initial outreach efforts, the mortgage servicer must assign a single point of contact to a borrower to explore available foreclosure prevention alternatives. Pursuant to *Civil Code* §2923.7(b), the single point of contact shall be responsible for doing all of the following:

Communicating the process and deadlines for applying for an available foreclosure prevention alternative;

Coordinating receipt of all documents associated with foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application;

Having access to current information and personnel sufficient to timely, accurately, and adequately inform the

> borrower of the current status of the foreclosure prevention alternative;
>
> Ensuring that the borrower is considered for all foreclosure prevention alternatives offered by, or though, the mortgage servicer;
>
> Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary; and
>
> Referring and transferring the borrower to an appropriate supervisor upon request of the borrower, if the single point of contact has a supervisor.

However, as alleged in Plaintiffs' complaint, they were unable to reach the same person twice after the April 9, 2013 letter was received.

Following the denial of a first lien loan modification application, §2923.6(f) requires that the mortgage servicer shall send a written notice to the borrower identifying the **reasons for denial**, including the following:

> a. The amount of time from the date of the denial letter in which the borrower may request an appeal and instructions regarding how to appeal the denial;
> b. If the denial was based on investor disallowance, the specific reasons for the investor disallowance;
> c. If the denial is the result of a net present value calculation, the monthly gross income and property value used to calculate the NPV and a statement that the borrower may, upon written request to the servicer, obtain ALL of the inputs used in the NPV calculation;
> d. If applicable, a finding that the borrower was previously offered a loan modification and failed to successfully make payments under the terms of the modified loan; and
> e. If applicable, a description of other foreclosure alternatives for which the borrower may be eligible AND a list of the steps the borrower must take in order to be considered for

those options. If the mortgage servicer has already approved the borrower for another foreclosure alternative, information necessary for the borrower to complete that foreclosure alternative.

Both denial letters failed to comply with the requirements of the code.  The April letter failed to specify the reasons for the denial and the July letter summarily and inaccurately stated that Plaintiffs' expenses were too high.

*Civil Code* 2923.6(f) states that if a loan modification is denied, the mortgage servicer must provide: specific information regarding time to appeal the denial, reasons for the denial, and a list of steps the borrower must take to be considered for other foreclosure alternatives for which the borrower may be eligible. *Civil Code* §2923.6(g) further states that absent a **material change in the borrower's financial circumstances,** the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a foreclosure prevention alternative.

## IV.  CONCLUSION

Plaintiffs respectfully request that the Court issue a Preliminary Injunction to preserve status quo and to obligate Defendants to comply with the requirements of the law prior to initiating foreclosure actions against Plaintiffs' home.

Respectfully Submitted.

DATED: August 5, 2013                **Law Offices of Joseph R. Manning, Jr.**

By:___/S/_Joseph R. Manning__
JOSEPH R. MANNING JR.
Attorneys for Plaintiffs

Case No. 13 CV 01310

## PROOF OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 4667 MacArthur Blvd., Suite 150, Newport Beach, CA 92660.

On August 5, 2013 I served the true copies of the foregoing document described as **PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF OSC RE: PRELIMINARY INJUNCTION** on the interested parties in this action, addressed as follows:

> **Served Electronically via Court's CM/ECF System:**
> *Attorneys for Defendant*
> WRIGHT, FINLAY & ZAK, LLP
> Nicole S. Dunn
> 4665 MacArthur Court, Suite 280
> Newport Beach, CA 92660

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this affidavit was executed on August 5, 2013.

_____/S/Babak Hashemi_____