WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Nicole S. Dunn, Esq., SBN 213550
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Telephone: (949) 477-5050; Facsimile: (949) 477-9200

Attorneys for Defendant, BAYVIEW LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE J. WARE and IRMA WARE,<br><br>           Plaintiffs,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC, a business entity form unknown, AZTEC FORECLOSURE CORPORATION, a business entity form unknown, and DOES 1-100, inclusive,<br><br>           Defendants. | Case No.: 3:13-cv-01310-JLS-NLS<br><br>**DEFENDANT BAYVIEW LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 15, 2013<br>Time: 1:30 p.m.<br>Crtm: 4A |

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:

Defendant BAYVIEW LOAN SERVICING, LLC hereby submits its Memorandum of Points and Authorities in support of its Reply to Plaintiffs' Opposition to Motion to Dismiss the Complaint.

## I. INTRODUCTION

Plaintiffs' Opposition provides no further insight into their claims and misses the fact that a dismissal for failure to state a claim can be based on lack of cognizable legal theory or absence of sufficient facts alleged under cognizable theory. FRCP Rule 12(b)(6). Plaintiffs' first three claims center around an alleged violation of *Civil Code* §2923.6 which is not applicable in this matter.

Plaintiffs mistakenly believe that the dual-tracking restrictions in the recently enacted *Civil Code* §2923.6 apply to other foreclosure prevention alternatives, such as a short sale, which they applied for and were denied. Plaintiffs also conveniently omit that they were offered a loan modification in March 2011 which they declined. (3:13-cv-01310-JLS-NLS Court Doc. 18-1 at page 2, ¶4-5). As such, there was no pending loan modification review at the time the Complaint was filed. Additionally, Plaintiffs allege that they re-submitted documents substantiating a change in their financial circumstances entitling them to a re-evaluation for a loan modification per *Civil Code* §2923.6(g). But they fail to provide evidence that they appropriately documented a change in their circumstances. Finally, Plaintiffs have not properly tendered amounts due on the Loan, a requirement for any action seeking to challenge foreclosure proceedings. Thus, Plaintiffs' Complaint is severely deficient and the Court should grant this Motion to Dismiss in its entirety.

## II. ARGUMENT

### A. Each One of Plaintiffs' Causes of Action is Barred by the Failure to Tender the Amount of the Indebtedness.

As stated in the Motion to Dismiss, a party challenging foreclosure proceedings appears in equity and is thus required to *do equity* before a court will exercise its equitable powers. *Arnold's Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 577 and *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117. As a consequence of this rule: "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable

-2-

sale under a deed of trust." *Karlsen v. American Savings and Loan Association* (1971) 15 Cal.App.3d 112, 117.  Thus, Plaintiffs are required by law to allege tender of the amount of the secured debt to maintain *any cause of action* for irregularity in the foreclosure sale procedure. *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109; *Karlsen*, supra at 117.

Throughout the Complaint and the Opposition, Plaintiffs allege that Bayview's actions in proceeding to foreclose on the Property are somehow wrongful and exposed Bayview to liability. All claims, therefore, are implicitly integrated with allegations challenging the foreclosure proceedings and Plaintiffs are required to allege that they tendered the outstanding Loan balance. Plaintiffs have not and cannot allege tender.

Rather, Plaintiffs' merely allege they are "ready, willing, and able" to enter into a foreclosure prevention program and make such payments at the times required. (Complaint, ¶99; Opposition 6:24-25).  This is not an unconditional tender. "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and <u>the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction</u>." *Gaffney v. Downey Savings & Loan Assn.* (1988) 200 Cal.App.3d 1154, 1165. In other words, with respect to tender, "it is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Id.*

The Wares admit that they entered into a loan transaction, do not dispute that they are in default, and make no attempt to allege that they offered to tender, or in fact did tender, an amount sufficient to reinstate or pay off their loan. (Complaint, generally). The absence of a truthful allegation of ability and willingness to tender the amount owed dooms Plaintiffs' request for relief.

///

///

### B. Plaintiffs' Cause Of Action For Violation of Civil Code Section 2923.6 Fails Because Section 2923.6 Is Not Applicable To Other Non-Loan Modification Foreclosure Options Including Short Sales and Plaintiffs Failed to Document Any Change in Their Financial Circumstances.

The Opposition asserts that there are two alleged violations of *Civil Code* §2923.6: (1) Bayview's denial of the "foreclosure alternative application;" and (2) a continuation of foreclosure activities after notice of Plaintiffs' material change in financial circumstances. (Opposition 8:26-9:3).

*i. Civil Code §2923.6 is not applicable to other non-loan modification foreclosure options including short sales*

It is alleged that Bayview violated *Civil Code* §2923.6(f) by failing to send a denial letter that was compliant with the provisions of *Civil Code* §2923.6(f) to the Wares' request for a **short sale**. (Complaint ¶102-104, 121b; Opposition 9:25-10:3).

*Civil Code* §2923.6(f) provides in relevant part:

> **(f) Following the denial of a first lien loan modification application**, the mortgage servicer shall send a written notice to the borrower identifying the reasons for denial, including the following . . .
> *Civil Code* §2923.6(f)(Emphasis added).

The statute clearly applies only to loan modification applications. There was no denial of a loan modification application alleged in the Complaint and none prior to the recent denial on July 9, 2013. Plaintiffs were offered a loan modification in March 2011 which they declined. (3:13-cv-01310-JLS-NLS Court Doc. 18-1 at page 2, ¶4-5). As such, there was no pending loan modification review at the time the Complaint was filed. The Wares only applied for and were denied a request for a short sale. The denial letter dated April 9, 2013, attached as Exhibit "E" to the Complaint references a short sale, not a loan modification.

Further, the dual-tracking restrictions in *Civil Code* §2923.6(c) only apply to a "complete loan modification application" and do not apply to other Foreclosure Prevention Alternatives (FPA), such as a short sale. Since §2923.6

**DEFENDANT BAYVIEW LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

specifically does not apply to non-loan modification FPAs, Bayview's conduct did not violate §2923.6.

Plaintiffs also erroneously claim that Bayview failed to adequately re-review them for a loan modification in July 2013 which occurred following the first hearing on the ex parte application for a temporary restraining order. First, these allegations are not contained in the operative complaint and should not be considered. Second, it appears that Plaintiffs' only qualm with the re-review is that it took one day. (Opposition 9:14-20). It is unreasonable for Plaintiffs to complain about such a fast turn-around which does not constitute a violation of §2923.6.

> ii. <u>The requirements of Civil Code Section 2923.6(g) were not triggered because the Plaintiffs failed to submit documentation of any material change in their financial circumstance.</u>

The Wares allege that Bayview failed to re-evaluate them for FPAs in light of their documented changes in financial circumstance in violation of *Civil Code* §2923.6(g). (Complaint ¶105-108, 121c; Opposition 9:4-10 and 10:10-17).

*Civil Code* §2923.6(g) provides in relevant part:

> (g) In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, **unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.** *Civil Code* §2923.6(g)(Emphasis added).

In other words, the statute does not restart the clock for a loan modification for those borrowers who are already in foreclosure and who have already been

**DEFENDANT BAYVIEW LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

considered for possible modification *absent proof of changed circumstances that would warrant* reconsideration.

The alleged material changes in the Wares' financial circumstances are not appropriately documented. The May 8, 2013 letter from the Wares' counsel merely declaring (not under penalty of perjury) that their financial circumstances have materially changed is insufficient. (Complaint, ¶107 and Exhibit G). No supporting documentation is attached to this letter or even identified. Thus, Plaintiffs fail to comply with the requirements of §2923.6(g) barring their claim.

Plaintiffs themselves are also confused about their financial circumstances since they first claim that their cost of living, business and personal expenses have risen in conjunction with a decrease in their income (Complaint ¶106); however, the Opposition asserts that their financial circumstances have "materially changed for the better." (Opposition 10:10-11). If Plaintiffs have no understanding of their finances, how can they impute such knowledge onto Bayview especially given that they provided no supporting documentation.

Most significantly, nothing in the Homeowners' Bill of Rights ("HOBR") changes the existing rule that a borrower has no per se right to a modification but rather merely the right to be considered for one if they qualify. As stated in *Civil Code* §2923.4: "The purpose of the act that added this section is to ensure that, . . . . borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, . . . , such as loan modifications or other alternatives to foreclosure. <u>Nothing in the act that added this section, however, shall be interpreted to require a particular result of that process.</u>" [emphasis added]. VirtualBank and Bayview have again reviewed the Wares for a possible loan modification on or about July 8, 2013. (3:13-cv-01310-JLS-NLS Court Doc. 18-1 at page 3, ¶12). They did not qualify. (3:13-cv-01310-JLS-NLS Court Doc. 18-1 at page 3, ¶13). Thus, Bayview has done all that is statutorily required and the Wares' *Civil Code* §2923.6 violation claim must be dismissed.

**DEFENDANT BAYVIEW LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

### C. The Opposition Fails to Adequately Respond to the Fatal Defects of the Claim for Violation of Bus. &Prof. Code § 17200.

The Opposition alleges a violation of California's UCL (Cal. Bus. & Prof. Code §17200) which is premised on fraudulent fees and charges, unfair practice of dual tracking in violation of *Civil Code* §2923.6 and unlawful practices due to violations of *Civil Code* §2923.6 .

The unfair and unlawful allegations both stem from alleged violations of *Civil Code* §2923.6. These allegations were addressed above and are incorporated by reference herein as well. In short, since §17200 "borrows" violations of federal, state, or local law and makes them independently actionable. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000), Plaintiffs must state specific facts to support the violations of *Civil Code* §2923.6. They have not per the discussion above which is incorporated by reference here. Further, the Opposition makes a blanket allegation that Defendant receives a financial incentive on each loan modification application submitted by a borrower such that Defendant is motivated to allow an application to go stale requiring a re-application. (Opposition 12:24-13:7). There is no evidence to support this allegation and Plaintiffs argument fails because their loan modification application never went "stale." Plaintiffs were offered a loan modification in March 2011 which they declined. (3:13-cv-01310-JLS-NLS Court Doc. 18-1, page 3, ¶4-5). They only requested a loan mod re-review in July 2013 which was done within one day. At no time did any application become stale.

Relative to the fraud prong of §17200, Bayview allegedly charged fraudulent fees for default-related services. [Complaint ¶122-124]. As discussed in the Motion to Dismiss, there are no claims that this alleged conduct deceived the public or that any statements relative to Plaintiffs' loan or foreclosure proceedings were disseminated to the public. *Sybersound Records, Inc. v. UAV Corp*, 517 F.3d 1137, 1151-52 (9th Cir. 2008); *Olsen v. Breeze, Inc.*, (1996) 48 Cal.App.4th 608,

**DEFENDANT BAYVIEW LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

617-618. Also, there is no indication as to when or under what circumstances these alleged fees were charge and the claim is uncertain.

Finally, Plaintiffs do nothing to show that they have standing and do not rebut that they suffered an injury-in-fact. *Bus. & Prof. Code* § 17204. As discussed above, there are no specific factual allegations of charges to Plaintiffs' balance; Plaintiffs declined a loan modification offer in 2011 and were recently denied for a loan modification within one day of submitting an application. Thus, there cannot be any damages associated with a delay in the review process. Plaintiffs' damages are speculative. *Navellier v. Sletten*, 262 F.3d 923, 939 (9th Cir. 2001) ("[D]amages which are speculative, remote, imaginary, contingent or merely possible cannot serve as a legal basis for recovery.") Whatever harm Plaintiffs have experienced comes from their own failure to make the required loan payments.

### D. Plaintiffs' Cause Of Action For Negligence Fails Because The Relationship Between The Parties Is An Ordinary Lender/Borrower Relationship And No Duty Exists

Plaintiffs cite to *Ansanelli v. JP Morgan Chase Bank, N.A.* 2011 WL 1134451, p. *7 ((N.D. Cal. Mar. 28, 2011) for the proposition that a duty of care exists in particular circumstances surrounding loan modification negotiations. However, the facts in *Ansanelli* are distinguishable. In *Ansanelli,* the court found a duty of care had properly been pleaded in a negligence action where the bank offered plaintiffs a trial loan modification plan, then reneged on a promise to modify the loan. The bank reported the loan as past due despite the fact that plaintiffs had made proper payments under the trial modification, thereby damaging their credit rating. *Id.* at p. *1. Here, the Wares were offered a loan modification in March 2011 which they declined. (3:13-cv-01310-JLS-NLS Court Doc. 18-1 at page 3, ¶4-5). Bayview did not renege on any promise to modify as no such modification agreement was executed. Hence, the Wares made no payments pursuant to a modification or a trial mod plan. Further, case law specifically identifies *Ansanelli*

**DEFENDANT BAYVIEW LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

as both an outlier and contrary to the weight of decisions in California finding that the consideration of a loan modification does **not** create a legal duty running from a lender or servicer to a borrower. *See Casault v. Federal Nat. Mortg. Ass'n* (C.D. Cal., 2012) 2012 WL 6681701, *13; *Armstrong v. Chevy Chase Bank, FSB* (N.D. Cal., 2012) 2012 WL 4747165, *4; *Alvarado v. Aurora Loan Services, LLC* (C.D. Cal., 2012) 2012 4475330, *6. Accordingly, *Ansanelli* is inapposite, and does not establish a duty running from Bayview to Plaintiffs here.

    Plaintiffs' opposition also asserts that Bayview owes a duty of care based on the six-part test in *Nymark v. Heart Fed. Savings & Loan Assn.*, (1991) 231 Cal.App.3d 1089, 1098. These six factors were addressed by Bayview in the Motion to Dismiss and Plaintiffs do nothing to rebut Bayview's analysis. In short, Plaintiffs fail to allege foreseeable harm because they initially declined a loan modification offered in March 2011 and do not allege that they reapplied for a loan modification (only a short sale which was later denied). It is not foreseeable that Plaintiffs would suffer harm by Bayview failing to review them for a loan modification when they only applied for a short sale. (Complaint ¶81). The injury suffered - increased arrearages - is not connected to Bayview's alleged delay in review for foreclosure alternatives. There was no delay. As stated above, Plaintiffs declined the loan modification offered in March 2011 (3:13-cv-01310-JLS-NLS Court Doc. 18-1 at page 3, ¶4-5) and admit that they only submitted an application for a short sale on March 18, 2013 (Complaint ¶81). Three weeks later on April 9, 2013, it was determined that Plaintiffs were not eligible for a short sale. (Complaint ¶83).

    There is no evidence and no allegations of moral blame. Plaintiffs have not plead facts that would suggest that Bayview intentionally failed to provide reasons for the short sale denial and failed to provide other foreclosure options for their own benefit (Bayview did in fact provide options in the denial letter. See Complaint Exhibit E page 2). Further, the parties were working toward a potential

**DEFENDANT BAYVIEW LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

loan modification and Bayview reviewed Plaintiffs once again for a loan modification on or around July 8, 2013. (Opposition 2:21-24). Finally, there is no public policy against the denial of a short sale or a loan modification application. Imposing negligence liability for the mishandling of loan modification applications could be a disincentive to lenders from ever offering modification." *Ottolini v. Bank of Am.*, 2011 WL 3652501,*7 (N.D.Cal. Aug.19, 2011). This is NOT the scenario which creates an imposition of a duty of care.

E.  **Plaintiffs' Claim For Accounting Fails As A Matter Of Law Because There Is No Obligation To Provide An Accounting After The Notice Of Sale Has Been Recorded And No Balance Is Due To Plaintiffs.**

First, Plaintiffs fail to rebut that *Civil Code* §2943 provides that there is no obligation to produce an accounting after a Notice of Trustee's Sale has been recorded, which is the case in the instant action. (RJN, Exh. 5).

Second, there is no allegation that a balance is ***due from the defendant to the plaintiff*** or the accounts are so complicated that the amount at issue cannot be reasonably ascertained. *St. James Church of Christ Holiness v. Superior Court* (1955) 135 Cal.App.2d 352, 359. It is not disputed that Plaintiffs borrowed $330,000.00 (RJN, Ex. 1; Complaint, ¶38, 65) and have not paid it back. (Complaint, ¶68, 75).

### III.  CONCLUSION

Base on the foregoing, Bayview's Motion to Dismiss should be granted without leave to amend.

        Respectfully submitted,

        WRIGHT, FINLAY & ZAK, LLP

Dated: August 12, 2013        By:  */s/ Nicole S. Dunn, Esq.*
        T. Robert Finlay, Esq.,
        Nicole S. Dunn, Esq.,
        Attorneys for Defendant, BAYVIEW LOAN SERVICING, LLC

**DEFENDANT BAYVIEW LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

# PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On August 12, 2013, I served the within **DEFENDANT BAYVIEW LOAN SERVICING, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action as follows:

[X]   by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Joseph R. Manning, Esq.
The Law Offices of Joseph R. Manning, Jr.
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
*Attorneys for Plaintiffs*

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

PROOF OF SERVICE

[ ]   (BY OVERNIGHT EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]   (Federal) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 12, 2013, at Newport Beach, California.

_____
Jovete Elguira

PROOF OF SERVICE