UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE J. WARE, an individual, and IRMA WARE, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC, AZTEC FORECLOSURE CORPORATION, and DOES 1-100, inclusive,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 13-CV-1310 JLS (NLS)<br><br>**ORDER DISSOLVING AUGUST 16, 2013 ORDER AND GRANTING *EX PARTE* MOTION TO DISSOLVE PRELIMINARY INJUNCTION**<br><br>(ECF No. 26) |

Presently before the Court is Defendant Bayview Loan Servicing, LLC's ("Bayview") *ex parte* motion to dissolve this Court's August 16, 2013 Preliminary Injunction Order. (ECF No. 26.) For the reasons stated below, the Court **DISSOLVES** its August 16, 2013 Order and **GRANTS** Bayview's request to dissolve the preliminary injunction.

**BACKGROUND**

Plaintiffs Lee J. Ware and Irma Ware ("Plaintiffs") bring this action against Defendants Bayview and Aztec Foreclosure Corporation ("Defendants") asserting four causes of action: (1) violations of California Civil Code § 2923.6; (2) violations of California Business and Professions Code § 17200 et seq.; (3) negligence; and (4) accounting. (Compl., ECF No. 1-1.)

This action concerns the disputed ownership and loan status of the property at 8248 Rockview Drive, El Cajon, CA 92021 (the "Property"). Sometime in 2007,

Plaintiffs entered into a written loan agreement for the sum of $330,000, secured by a deed of trust to the Property. (ECF No. 4 at 9.) Subsequently in 2010, Plaintiffs failed to make all payments required under the loan agreement. (*Id.* at 9-10.) Around this time, Plaintiffs applied for a loan modification with Virtual Bank. (*Id.* at 11.) Plaintiffs were allegedly informed that no foreclosure activity would take place while their application was in review. (*Id.* at 10.)

On or around April 4, 2011, Defendants allegedly executed a Notice of Default and Election to Sell Under Deed of Trust ("NOD") on the Property. (ECF No. 4-1.) At this time, Plaintiffs' loan modification was allegedly "in review." (ECF No. 4 at 11.) Virtual Bank allegedly made representations to Plaintiffs at this time that the loan modification was "imminent." (*Id.*)

In or around July 2011, Plaintiffs filed for Chapter 13 bankruptcy. (*Id.* at 12.) A Chapter 13 Plan was confirmed in or around February 2012. In or around October 2012, Sabadell United Bank, N.A., as Receiver for Virtual Bank, filed a motion for relief from stay. (*Id.*) This motion was granted on or about February 12, 2013. (*Id.*)

On March 13, 2013, foreclosure trustee Aztec Foreclosure Corporation recorded a Notice of Trustee's Sale ("NOS"), setting the foreclosure sale date for April 3, 2013. (ECF No. 4-3.) At this time, Virtual Bank allegedly advised Plaintiffs that a short sale was Plaintiffs' best option, and Plaintiffs submitted an application for a short sale on or around March 18, 2013. (ECF No. 4 at 12-13.)

On April 3, 2013, Plaintiffs received a letter informing them that Bayview, acting as agent on behalf of Virtual Bank, would review Plaintiffs' request to be offered a foreclosure alternative. On or about April 9, 2013, Plaintiffs received a letter from Bayview stating that Plaintiffs were ineligible for their foreclosure prevention programs because a short sale had not been approved by an investor or group of investors. (ECF No. 4-4.) On or about April 15, 2013, Plaintiffs received a notice that the foreclosure sale had been postponed to May 14, 2013. (ECF No. 4-5.) Plaintiffs were allegedly unable to make any constructive contact with Defendants regarding their short sale

denial or any potential alternative options to avoid foreclosure. (ECF No. 4 at 14.) On May 8, 2013, Plaintiffs sent a letter to Defendants informing them of a material change in their financial circumstances. (ECF No. 4-6.)

On May 9, 2013, Plaintiffs filed the underlying complaint. (ECF No. 1-1.) On June 6, 2013, Defendants removed the action from the Superior Court of California for the County of Los Angeles, alleging diversity jurisdiction. (ECF No. 1.) On June 13, 2013, Plaintiffs filed an *ex parte* motion for a temporary restraining order ("TRO") (ECF No. 4) enjoining Bayview from taking any steps to deprive Plaintiffs from residing on the Property until the Court could hold a preliminary injunction hearing, which this Court granted (ECF No. 8).

At the June 27, 2013 preliminary injunction hearing, the Court determined that further briefing by both parties was necessary to address several issues, including whether Plaintiffs' 2011 loan modification application was still pending. (ECF No. 15.) Accordingly, the Court issued an Order continuing the hearing to August 15, 2013, and setting a briefing schedule for supplemental briefing. (*Id.*) (ECF No. 22.)

Following the August 15, 2013 hearing, the Court issued an Order dissolving the TRO and granting Plaintiffs' request for a preliminary injunction. (ECF No. 25.) The Court further ordered Plaintiffs to pay a $39,799.00 bond within seven days of the docketing of the Order.[1] (*Id.*) On August 29, 2013, Bayview filed the present *ex parte* motion to dissolve this Court's Preliminary Injunction Order, on the grounds that Plaintiffs had not paid the bond. (ECF No. 26). Plaintiffs have not opposed Bayview's motion, nor have they since posted their bond.

### LEGAL STANDARD

"'There is no dispute but that a sound judicial discretion may call for the modification of the terms of an injunction decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since

---

[1]The Order was docketed on August 16, 2013, and therefore Plaintiffs were required to post their bond on or before August 23, 2013.

arisen.'" *Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 859 (9th Cir. 2004) (quoting *Sys. Fed'n No. 91, Ry. Emps.' Dept. v. Wright*, 364 U.S. 642, 647 (1961)). This discretion to modify or dissolve a preliminary injunction is broad. *Santos v. Reverse Mortg. Solutions, Inc.*, No. 12-3296-SC, 2012 WL 4891597, at *7 (N.D. Cal. Oct. 12, 2012) (citing *Mariscal-Sandoval*, 370 F.3d at 859). While "[f]irmness and stability must no doubt be attributed to continuing injunctive relief based on adjudicated facts and law," changed circumstances may nevertheless turn a preliminary injunction into "'an instrument of wrong.'" *Sys. Fed'n No. 91*, 364 U.S. at 647 (quoting *United States v. Swift & Co.*, 286 U.S. 106, 114-15 (1932).

Under the Federal Rules of Civil Procedure, "[t]he court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); *see also Grady v. Bank of Elmwood*, No. CV 11-2060-PHX-JAT, 2012 WL 1132578, at *3 (D. Ariz. Apr. 4, 2012). Although the court may in its discretion decline to order the payment of a bond (despite the seemingly mandatory nature of Rule 65(c)'s language), *Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011), this Court has already ordered Plaintiffs to pay a bond in the amount of $39,799.00 by August 23, 2013. (*See* ECF No. 25.) The failure to pay a bond required by court order has been found to constitute changed circumstances meriting the dissolution of a preliminary injunction. *See, e.g.*, *Castillo v. Skoba*, No. 10CV1838 BTM, 2011 WL 92991 (S.D. Cal. Jan. 7, 2011) (Moskowitz, J.); *Grady*, 2012 WL 1132578.

## ANALYSIS

The facts have changed since the issuance of the August 16, 2013 Preliminary Injunction Order. This Court ordered Plaintiffs to post a bond, but the deadline by which Plaintiffs were to have posted that bond has long passed. Moreover, Plaintiffs have not bothered to respond to Bayview's *ex parte* motion requesting dissolution of the preliminary injunction with any justifications for this failing. In light of Plaintiffs'

failure to comply with this Court's Order, and without a bond to serve as security should this Court ultimately determine that Bayview has been wrongfully enjoined, the Court fears that its preliminary injunction has become an "instrument of wrong" by enabling further delay in the resolution of this matter. *Sys. Fed'n No. 91*, 364 U.S. at 647. Accordingly, this Court **GRANTS** Bayview's request to dissolve the Preliminary Injunction Order.[2]

## CONCLUSION

For the reasons stated above, the Court **DISSOLVES** its August 16, 2013 Order and **GRANTS** Bayview's request to dissolve the preliminary injunction.

**IT IS SO ORDERED**.

DATED: September 18, 2013

                             *Janis L. Sammartino*
                             Honorable Janis L. Sammartino
                             United States District Judge

---

[2] Of course, as of January 1, 2013, the Homeowner's Bill of Rights ("HBOR") provides that "if a borrower submits a complete application for a first lien loan modification . . . the mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). This Court's concerns regarding Bayview's failure to provide factual support that it denied Plaintiffs' 2011 loan modification application in accordance with the HBOR, expressed in the August 16, 2013 Preliminary Injunction Order, remain. (*See* ECF No. 25 at 6-8.) The Court cautions the parties that this dissolution of the preliminary injunction does not alter that fact.